**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**


**JOSEPHINE SMALLS MILLER,**
       -Plaintiff


       -v-                                    CIVIL 3:05 CV 402 (CFD)


**PRAXAIR, INC., ET AL.,**
       -Defendants

## RULING ON DISCOVERY MOTION (DKT. #120)

The pending motion to compel is **denied** with respect to the letter from General Counsel Chaifetz to Attorney John Day, dated March 3, 2003. That letter has been submitted to the undersigned for <u>in camera</u> review. The undersigned finds that it is non-discoverable.

Paragraph 1 is protected by the work product doctrine, for it constitutes the mental impressions and opinions of Praxair's legal counsel concerning this litigation.

Paragraph 2, according to the representation of Praxair's counsel, has been disclosed to the plaintiff.

Bullet Points 1 through 4 in their entirety are protected by the work product doctrine. Each of these bullet points reflects

the mental impressions and opinions of Praxair's legal counsel, and each is, therefore, protected by the work product doctrine. Completely independent and apart from work product immunity, however, each *also* fairly appears to be protected by the attorney-client privilege in that its disclosure would necessarily reveal underlying protected requests for legal advice by Praxair. See Clute v. Davenport, 118 F.R.D. 312, 314 (D. Conn. 1988) (Blumenfeld, J.).

As to paragraph 3, counsel for Praxair has represented that this paragraph of the letter has been disclosed to the plaintiff. Plaintiff does not dispute the representation. Accordingly, as to this paragraph the motion is **moot**.

To the extent plaintiff seeks certain e-mails allegedly associated with this letter, the court finds that this aspect the motion to compel is **moot** based on the representations of Praxair's trial counsel that no such e-mails were ever created and that none exist.

The pending motion to compel is also **denied** with respect to the eighty-eight (88) page, sequentially-numbered report of Holland & Knight LLP, attorneys-at-law, which also has been submitted for in camera review and carefully examined. The court finds that this document was created by Praxair's counsel in anticipation of, and in connection with, the instant litigation, and that it contains the mental impressions, opinions, theories, and ideas of Praxair's

attorneys.  These protected opinions and conclusions are interspersed throughout this document to such an extent that they cannot fairly be excised or redacted from it.  Were an attempt at such a redaction to be made, all that would be left would be random sentence fragments, irrelevant information, or general information which the plaintiff already possesses.  Therefore, on the basis of the work product doctrine *alone*, the court finds that the entire document is immune from discovery.

The court further finds that the entire document is *also* protected by the attorney-client privilege.  Specifically, the court finds that: (1) this entire document is a communication from Praxair's legal counsel to Praxair in connection with this litigation, and (2) to disclose this document to the plaintiff would fairly appear to reveal earlier, protected communications from Praxair to its attorneys seeking legal advice in this case. See Clute v. Davenport, supra.

In the magistrate judge's opinion, the law with respect to attorney to client communications is less protective of communications than Praxair argues.  Nevertheless, even under the much more restrictive view of attorney-client privilege noted in Clute v. Davenport, supra, the entire report is privileged and, therefore, non-discoverable.  Again, the court has considered whether it is practicable, or fairly possible, to redact the privileged communications and order the production of whatever is

left, but finds that this should not be required, for all that would remain would be irrelevant information, sentence fragments, or general information that the court finds, based on its familiarity with this case, the plaintiff already possesses.

Although it is arguably unnecessary to do so in view of the determination that the entire document is immune from discovery under the work product doctrine, and protected from discovery by the attorney-client privilege, the magistrate judge *further* finds that the document should be shielded by the self-critical analysis exception to discovery.

**Accordingly, the motion to compel (Dkt. 120) is DENIED.**

**Dated at Hartford, Connecticut, this 2nd day of March, 2007.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**
